THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM NIEMOTH, Plaintiff in error.

*Opinion filed June 16, 1926.*

1. CRIMINAL LAW—*when fire-arm is carried about the person within meaning of act of 1925.* In the provision of the act of 1925 that "no person shall carry concealed on or about his person a pistol, revolver or other fire-arm," the words "about his person" mean sufficiently close to the person to be readily accessible for immediate use, as the statute is intended to prevent the carrying concealed of a gun of a size capable of being concealed on or about the person, in a place so accessible as to allow its immediate use as a deadly weapon when wanted.

2. SAME—*what is not a violation of act of 1925 against carrying of fire-arms.* Before there can be a conviction under the act of 1925 prohibiting the carrying of fire-arms concealed on or about the person, there must be proof that the fire-arm is carried in such manner as to give no notice of its presence and in such proximity to the accused as to be within his easy reach and under his control, and evidence that the defendant carried a shot-gun and revolver on the floor of his automobile, back of the front seat where he was sitting, is not sufficient to warrant a conviction.

STONE, C. J., dissenting.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. GEORGE B. HOLMES, Judge, presiding.

JAMES M. BURKE, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and MERRILL F. WEHMHOFF, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, William Niemoth, was tried in the municipal court of Chicago upon an information charging that he carried "on or about his person certain concealed fire-arms, to-wit: one automatic Winchester shot-

gun 'loaded,' one automatic Colt's pistol, thirty-two calibre, 'loaded,' one Colt's revolver, thirty-eight calibre, 'loaded,' in violation of section 4, Senate Bill 348, in force July 3, 1925," and was found guilty. He prosecutes this writ of error to reverse the judgment on the ground that the statute is unconstitutional, that the information is insufficient, and that the proof fails to establish the offense charged.

Harry Reford, a police officer of the city of Chicago, was the only witness called. About 2:30 A. M. August 7, 1925, he and officers O'Day and Foley noticed an automobile parked alongside the curb near the intersection of Fifty-first street and Hoyne avenue, Chicago. Plaintiff in error was sitting in the front seat of the automobile, behind the steering wheel. On the floor of the car back of the front seat they found a Winchester automatic shot-gun, loaded, and a 38-calibre Colt's revolver. They did not find a gun on the person of plaintiff in error.

This prosecution is under section 4 of an act revising the law relating to deadly weapons. (Smith's Stat. 1925, p. 888.) It provides: "No person shall carry concealed on or about his person a pistol, revolver or other fire-arm." "About his person" means sufficiently close to the person to be readily accessible for immediate use. A fire-arm is concealed about the person when it is pushed down behind the cushion of an automobile on which the accused is sitting, (*Wagner* v. *State,*—Tex.—188 S. W. 1001;) when it is lying on the floor of a buggy at the feet of the accused, (*DeFriend* v. *State,*—Tex.—153 S. W. 881;) when it is concealed on the seat of a wagon on which the accused is sitting, (*State* v. *Conley,*—Mo.—217 S. W. 29;) and when it is concealed in a basket carried on the arm of the accused. (*Diffey* v. *State,*—Ala.—5 So. 576.) It has been held that a fire-arm is not concealed about the person when it is carried in a closed saddle-bag, (*Sutherland* v. *Commonwealth,*—Va.—65 S. E. 15;) when it is carried in a satchel, (*State* v. *Weston,*—S. C.—94 S. E. 871;) nor

when it is lying on the floor of a buggy under a rug. *Ladd v. State,*—Ala.—9 So. 401.

Before there can be a conviction under the statute prohibiting the carrying of fire-arms concealed on or about the person there must be proof that the fire-arm is carried in such a manner as to give no notice of its presence and in such proximity of the accused as to be within his easy reach and under his control. The proof in this case does not show that the guns lying on the floor of the automobile were where the accused could have reached them without moving from his position in the front seat. There was no proof that the guns belonged to the accused or that he knew they were in the automobile. However desirable it may be to prohibit the carrying of loaded fire-arms in automobiles, this court has no authority to extend the meaning of this statute to cover such offenses. The pernicious practice which the legislature intended by this statute to interdict was the carrying concealed of a gun of a size capable of being concealed on or about the person, in a place so accessible as to allow its immediate use as a deadly weapon when wanted. If plaintiff in error has violated the statute, then every person who places a loaded revolver in his automobile to carry it to a place where he can use it for target practice, hunting or other lawful purpose is guilty of carrying concealed weapons about his person. The evidence does not establish the guilt of plaintiff in error and the judgment must be reversed.

The conclusion we have reached on the merits of this case makes it unnecessary to consider the other two questions presented.          *Judgment reversed.*

Mr. CHIEF JUSTICE STONE, dissenting.