(No. 19231.—■■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK LAKE, Plaintiff in Error.

*Opinion filed December 20, 1928.*

JOSEPH R. ROACH, and SIMON A. MURRAY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and ROYCE A. KIDDER, (EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Frank Lake, by writ of error brings before this court for review the record of certain proceedings in the municipal court of Chicago, as the result of which he was sentenced to the county jail of Cook county for three months and fined $500 and costs.

On the night of April 13-14, 1928, plaintiff in error, while driving his sedan on Michigan avenue, near Ohio street, in Chicago, in company of a man named Sullivan, was stopped by a detective squad and ordered to get out of his car, Sullivan remaining in the car. The detectives then proceeded to search the car and found a loaded revolver behind the cushion of the car, directly back of Sullivan, whose body was resting against it. The barrel of the revolver was pointed toward the side of the car where plaintiff in error had been sitting. The detectives then proceeded to search plaintiff in error and Sullivan. Finding nothing further they placed them both under arrest, and officer Carroll, who was in command of the squad, filed an information against each of them in the municipal court of Chicago, upon which the proceedings here in question were had. Carroll testified: "I had no reason to believe that Mr. Lake or Mr. Sullivan, the occupants of this car, had committed any offense of any kind against the laws of the State of Illinois or those of the United States before I stopped their automobile. I didn't have a search warrant for the purpose of enabling me to stop this automobile and arrest the occupants. My sole reason for stopping this automobile was that it had left a cabaret in the down-town portion of the city of Chicago at three o'clock in the morning. I didn't at any time observe the occupants of this car committing a breach of peace, violate any ordinance of the city of Chicago or any laws of the State of Illinois or the United States before and at the time I made the arrest. I have charge of the squad which placed Mr. Lake under arrest at the time in question. I ordered the arrest to be made. The order was made based upon the facts to which I testified and for no other reason."

The cause is properly in this court by reason of assignments of error, a consideration of which would require the construction of certain provisions of the constitution of the State of Illinois.

The charging part of the information, omitting certain negative averments, is as follows: "That Frank Lake heretofore, to-wit, on the 14th day of April, A. D. 1928, at the city of Chicago, did knowingly and unlawfully carry a certain deadly weapon, to-wit, a loaded revolver, in an automobile in which he was driving, the said defendant not then and there legally authorized to carry such a deadly weapon concealed upon his person."

A large number of assignments of error have been made by plaintiff in error, among them, "that the information upon which the judgment herein rests fails to state any offense." This court has repeatedly held that an indictment or information charging an offense defined by statute should be as descriptive of the offense as is the language of the statute and should allege every substantial element of the offense as defined by the statute. (*People* v. *Lewis,* 319 Ill. 154; *People* v. *Sheldon,* 322 id. 70; *People* v. *Martin,* 314 id. 110; *People* v. *Barnes,* 314 id. 140; *Sokel* v. *People,* 212 id. 238; *People* v. *Talbot,* 322 id. 416.) The legislature at its 1925 session passed a law of which section 4 provides: "No person shall carry concealed on or about his person a pistol, revolver or other fire-arm." (Laws of 1925, p. 340.) By other provisions certain persons are exempted from the operation of the statute. It is an essential provision of this statute that the pistol, revolver or other fire-arm be carried concealed on or about the person of the party accused. The information in this case does not contain an allegation that plaintiff in error carried the revolver concealed on or about his person. While in *People* v. *Niemoth,* 322 Ill. 51, it was held that the words "about his person" mean sufficiently close to the person to be readily accessible for immediate use, and that a fire-arm is concealed about the person when it is pushed down behind the cushion of an automobile on which the accused is sitting, in the instant case the allegation that plaintiff in error knowingly and unlawfully carried a revolver in an automobile in which

he was driving falls far short of the rule laid down in the *Niemoth case* and the other cases above cited. A man might carry a revolver concealed in the hood of his car or in many other places in the car where it would not be readily accessible to him.

The information in this case not stating an offense, the judgment of the municipal court is reversed.

*Judgment reversed.*