The People of the State of Illinois, Defendant in Error,
v. Sam Hunt, Plaintiff in Error.

Gen. No. 36,964.

Opinion filed November 22, 1933.

DANIEL A. COVELLI and TYRRELL A. RICHARDSON, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, J. ALBERT WOLL, HENRY E. SEYFARTH, and CHARLES DOUGHERTY, Assistant State's Attorneys, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

The defendant, charged with carrying a revolver concealed about or on his person, was found guilty by a jury and sentenced to serve one year in the house of correction and to pay a fine of $300. He seeks a reversal.

On the evening of May 18, 1933, two police officers, while riding in a police squad car on Wabash avenue in Chicago, saw and recognized the defendant stand-

ing on the sidewalk; they turned their car to the curb, jumped out and called, ''Police officers!''; defendant ran across the sidewalk into a cafe, holding one of his hands inside his coat; the officers followed a step or two behind him and when they got into the cafe they saw defendant pull a revolver out of his clothing and throw it underneath a cigar counter, saying, ''I beat you to it that time.'' They arrested defendant and recovered the revolver from under the counter. It was a loaded 38-caliber revolver.

In this court defendant argues that the information is fatally defective in that it charged defendant with carrying a revolver ''about or on'' his person; that the charge being in the disjunctive makes the offense in the alternative, and where the statute making the offense is in the alternative, the information must charge in the conjunctive form. *Seacord v. People,* 121 Ill. 623.

There are certain decided cases which draw a distinction between the words ''on'' and ''about'' in the expression under consideration. In *Schraeder v. State,* 28 Ohio App. 248, the word ''on'' in this connection was said to mean ''connected with or attached to, while the word 'about' means nearby, close at hand, in reach of.'' In that case the revolver was in a pocket on the inside of the door of the automobile immediately beside the accused; he was charged with carrying the weapon ''on or about his person,'' and the conviction was affirmed. On the contrary, in *State v. Brunson,* 162 La. 902, under almost identical facts, the accused was discharged. The court held that ''on or about'' are interchangeable and synonymous terms, meaning ''on.'' Therefore, although the revolver was in a pocket on the inside of the front door of the automobile immediately beside the seat occupied by the accused and within his reach, it was not ''on'' his person. The opinion noted that in Alabama, Missouri

and Texas, carrying a weapon concealed in a vehicle, though not on the accused's person, is a violation of the law against carrying a weapon "on or about the person." It is not so in Kentucky, Georgia or South Carolina. In Tennessee, North Carolina, Missouri and Texas, the words "on" and "about" are held to be not convertible terms but to have different meanings. In Alabama, Virginia, Kentucky, Georgia and South Carolina, the words "on or about" are held to be synonymous terms.

In *State v. King* (Mo. App.), 285 S. W. 794, a defendant was charged with having in his possession "a still, worm, doubler, or other equipment" used in the manufacture of intoxicating liquor. The conviction was reversed because it made the charge in the alternative. This decision seems to be contrary to decisions in this State where it has been held that the word "or" used to characterize two phases of the same fact, stated but a single ground and not the alternative. *People v. Lavendowski,* 329 Ill. 223; *People v. Leoni,* 198 Ill. App. 376. These cited cases are typical of the variant decisions construing the phrase under consideration.

*People v. Niemoth,* 322 Ill. 51, indicates the reasonable construction to be given these words. There the revolver was on the floor of the automobile, behind the front seat where the defendant was sitting, and could not be reached by him unless he moved from his position. The information charged him with carrying a weapon "on or about his person." It was held that "about his person" means sufficiently close to the person to be readily accessible for immediate use, and that as the weapon was not so accessible the evidence failed to establish the guilt of the defendant. Applying this reasoning to the instant case, we hold that the charge of carrying a weapon "on or about his person" means carrying a weapon readily available

for use. The ability to reach the weapon for immediate use is the gist of the charge. It is merely quibbling —a kind of logomachy—to say that the crime depends upon whether one could take the weapon from one's clothing or from a nearby place. The danger which the statute seeks to suppress is the carrying of a weapon easily reachable for use. We hold that the information, which is in the language of the statute, properly charged the crime for which defendant was tried.

In *People v. Lake,* 332 Ill. 617, the information was held bad because it did not contain an allegation that the revolver was carried "on or about his person," and that the information "should be as descriptive of the offense as is the language of the statute."

Defendant's counsel, in a well written brief, suggests that it would be impossible properly to present a plea of former jeopardy as the trial court could not say of which crime the defendant had formerly been found guilty. The word "or" in the information was used to denote two phases of the same act, namely, the carrying of a weapon which the defendant could readily reach for use.

Instruction No. 4, given at the request of the State, is criticized. It in substance told the jury that the admissibility of evidence was to be decided by the court, and "that the jury have no right to disregard any evidence which the court has held to be competent for their consideration and admitted." This instruction merely told the jury that it should consider all of the evidence admitted by the court, and would be so understood by the jury. In this connection, we note that the abstract and bill of exceptions show only two of a number of instructions given. We will therefore assume that other instructions removed any possible misconception which the jury might have because of instruction No. 4.

No evidence was introduced in defense. The jury was justified in finding the defendant guilty. We see no reason to disagree with the sentence imposed by the court.

As we hold that the information properly charged a violation of the statute, that the verdict of the jury was in accordance with the evidence, and that there were no errors on the trial, the judgment is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.