(No. 24166.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE HENNEMAN, Plaintiff in Error.

*Opinion filed October 15, 1937.*

JOHN V. CLINNIN, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the municipal court of Chicago on the charge of carrying concealed, in and about an automobile in which he was riding, a pistol and a

revolver. The trial was without a jury. He was sentenced to imprisonment in the house of correction for six months and to pay a fine of $100 and costs. Prior to the commencement of the trial, Henneman's counsel filed a motion to suppress the firearms as evidence, on the ground that they were illegally seized when the police officers, following an unlawful arrest, searched his person and the automobile in which he was riding. A hearing of evidence was had on this motion and the motion was overruled. The cause is brought here on the ground that a construction of the clause of the constitution prohibiting unreasonable search and seizure is involved. Counsel also says that there is no evidence to support the conviction of plaintiff in error.

The People's evidence consisted of the testimony of two police officers. Their testimony is substantially the same and is as follows: About 8 A. M. of December 10, 1936, they were informed by other police officers that two suspicious characters were riding in a car in the neighborhood of Forty-ninth street. At 9:15 on that day, they were driving east on Forty-ninth street when they saw two men sitting in a car parked at the curb on that street. They turned around and drove up to the car in which plaintiff in error and one Dungan were seated. Both were in the front seat. Plaintiff in error was on the right side and Dungan was in the driver's seat. These officers testified that, after placing the plaintiff in error under arrest, they searched him and the automobile and that in the pocket or compartment in the dash they found the two guns offered in evidence. These guns were loaded.

Plaintiff in error testified that he is a painter; that on the morning in question he was at Forty-ninth street and Drexel Boulevard with Dungan to see a certain painting contractor named Zyeth; that just before the officers arrested him he had talked with Zyeth and was told that they were not going to work that day and that, as he went back to the car to enter it, he was accosted by one of the officers

who asked him his name, which he gave him; that the officers searched the car and took the guns from it. Dungan's testimony concerning the employment with the painting contractor corroborates that of the plaintiff in error.

Plaintiff in error denied ownership of the guns or knowledge of their being in the car. There is no contradiction of his testimony in that particular. He also denied ownership of the car and in this he was supported by Dungan who testified the car belonged to him, though he did not know how the guns got into the pocket. When these guns and loaded cartridges were offered in evidence counsel for plaintiff in error objected on the ground there had been no evidence showing that either of the guns was in possession of the plaintiff in error. This objection was overruled.

The officers testified that plaintiff in error was not committing any crime at the time of his arrest and that they did not have any reason to believe that he had committed a crime. At the close of all the evidence counsel for plaintiff in error sought an order dismissing the case on the ground that there was no evidence of any fact which gave the arresting officer any reason or authority to make the arrest and that, as the arrest was illegal, the search which disclosed the guns was illegal.

There are two questions in this case: (1) Whether the court erred in finding this plaintiff in error guilty, and (2) whether it was error to refuse to suppress the guns as evidence. There is no evidence that the guns were in the possession of this plaintiff in error. He did not own the car. He testified he did not know the guns were in the compartment and there is no denial of that fact. This case should have been dismissed on the evidence. Moreover, there was not a legal arrest as a background for the search made by the officers. The discovery of a pistol or revolver on search following an arrest cannot relate back to, and operate as a justification for, the arrest. The arrest must be legal or the search is illegal. (*People* v. *Ford,* 356

Ill. 572; *People* v. *Macklin,* 353 id. 64.) In this case, the evidence shows that when the officers arrested plaintiff in error they had no reasonable ground to suspect that he had committed or was engaged in committing any criminal offense, and there is no evidence that he was under suspicion of having committed a crime. These officers acted on the statement of a fellow-officer that there were certain suspicious looking persons in a car in the neighborhood of Forty-ninth street.

That the officers had a right to stop and question plaintiff in error and his companion cannot be doubted, and if there were disclosed by such questioning, facts which would tend to establish suspicion that plaintiff in error was engaged in or had been guilty of a crime, his arrest, made as a result of such belief on the part of the officers, would be a legal arrest and a search following such an arrest would not be an unreasonable search. But here, there was no fact, other than the place where they were seen, to indicate to the officers that they were the parties referred to by another officer as suspicious characters. Nor does it appear from the record that any reason for believing plaintiff in error guilty of a crime appeared to the officers from the questioning. To justify an arrest by an officer without a warrant, the ground for belief that the person arrested is guilty of an offense must be such as would influence the conduct of a prudent and cautious man under the circumstances. (*People* v. *Humphreys,* 353 Ill. 340; *People* v. *Doody,* 343 id. 194; *People* v. *Swift,* 319 id. 359.) If the right of arrest exists the right of search and seizure is incidental thereto. (*People* v. *Preston,* 341 Ill. 407; *People* v. *Hord,* 329 id. 117; *People* v. *Swift, supra.*) It is likewise the rule that unless the arrest is justified the search cannot be. *People* v. *Ford, supra; People* v. *Macklin, supra.*

The judgment against the plaintiff in error is without foundation in the evidence and it is reversed.

*Judgment reversed.*