(No. 31375.— ▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER LISS, Plaintiff in Error.

*Opinion filed September 21, 1950.*

MAX LURIE, of Chicago, (MYER H. GLADSTONE, of counsel,) for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and JOHN J. COGAN, all of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Walter Liss, hereafter referred to as defendant, was tried in the municipal court of Chicago upon an information charging that he unlawfully carried concealed on or about his person an automatic pistol, in violation of paragraph 155 of chapter 38 of the Illinois Revised Statutes. Upon a plea of not guilty he was tried by the court without a jury, and was found guilty, and sentenced to serve six months in the house of correction. On review, the Appellate Court for the First District affirmed the judgment. The defendant prosecutes this writ of error to reverse the judgment on the ground that the evidence was insufficient to support the conviction; that there was unsatisfactory proof that the pistol was readily accessible; that there was no proof that it belonged to him, or that he had knowledge of its existence in the car; and that, under the admitted facts disclosed by the evidence, the statute was not violated.

A police officer was the only witness for the People. He testified that on February 28, 1949, at about midnight, he observed an automobile drive through a red-light signal on the streets of Chicago, and that he pursued the automobile, and, after forcing it to the curb, found therein the defendant and one William Wilczynski, both occupying the front seat. The officer testified he searched the defendant and his companion and the automobile, and found what is described as a German Luger automatic pistol beneath the front seat of the car, at about the middle thereof,

six inches back under the seat. The distance between the floor board and the bottom of the seat was about three inches.

The defendant testified that he had borrowed the car, that he never had seen the gun, did not own it, and did not put it under the front seat of the car, and never saw anybody put it under the front seat of the car. His companion testified that it was not his gun; that he did not place the pistol under the front seat, nor did he see it placed there. No testimony was offered by the People as to the ownership of the automobile, or in rebuttal of the testimony of the defendant and his companion.

Section 4 of an act revising the law relating to deadly weapons, (Ill. Rev. Stat. 1949, chap. 38, par. 155,) provides: "No person shall carry concealed on or about his person a pistol, revolver or other firearm." The statute makes certain exceptions, which are not involved here, and it is not claimed that the prosecution is brought under the last part of this section, which prohibits the carrying of any firearm with intent to use the same in the commission of a crime, or by any person who habitually associates with thieves, or other criminals. The information simply charges that the defendant unlawfully did carry concealed on or about his person an automatic pistol.

The defendant relies upon *People* v. *Niemoth,* 322 Ill. 51. In that case the defendant had in the back of the car upon the floor some loaded revolvers, and was charged with the identical offense before us in the instant case. In that case the court held that before there could be a conviction under this statute of carrying firearms concealed on or about the person there must be proof that the firearm is carried in such a manner as to give no notice of its presence and in such proximity as to be within easy reach and control, and said: "The proof in this case does not show that the guns lying on the floor of the automobile were where the accused could have reached them without moving

from his position in the front seat. There was no proof that the guns belonged to the accused or that he knew they were in the automobile." The conviction was reversed without remanding.

In the present case the testimony of the officer, which is not disputed, shows that the pistol was lying under the front seat about the middle of the car, six inches back under the seat, in a space three inches wide. The defendant was driving the car. Here, the proof fails to show that the pistol lying under the seat was readily available without moving from his position on the seat. It would have been just as impossible for him to reach down and under the seat, without changing his position, as it would have been in the *Niemoth case,* where it was held that this was one of the essentials of the crime. It is not sufficient to come under this statute that a defendant be in the possession of a deadly weapon, but the weapon must be concealed and be readily available for use. The proof in this case simply shows the pistol was lying on the floor under the seat, which was elevated some distance from the floor. It seems to us that when the statute prohibits the concealing of a weapon "on or about the person" it means the weapon must be actually concealed on the person, or in such close proximity that it can be readily used as though on the person. This is the clear purport of the *Niemoth case.*

The defendant testified he did not own the car; that he had borrowed it; that he did not know the pistol was there. His companion corroborated him in the fact he did not own the pistol, and did not know it was there, and none of these statements are disputed by the People. The ownership of the car could have been readily determined from the license number on it, and if the defendant was committing perjury it was a matter that could have been clearly established by the State. The testimony of a defendant cannot be disregarded merely because he is the

defendant, and in the present case there is no effort made to establish any of his statements to have been false.

In a similar case, where the same charge was made, two pistols were found in the pocket or compartment on the dash of the automobile in which the defendant was riding. In that case the defendant denied the ownership of the guns, or knowledge that they were in the car, and there was no contradiction of that testimony. He likewise denied the ownership of the car. In commenting upon the insufficiency of the evidence to support a conviction the court said: "There is no evidence that the guns were in the possession of this plaintiff in error. He did not own the car. He testified he did not know the guns were in the compartment and there is no denial of that fact. This case should have been dismissed on the evidence." (*People v. Henneman,* 367 Ill. 151.) In the case of *People v. Lake,* 332 Ill. 617, the defendant was charged with the same offense, and the proof showed the pistol was found between the cushion and the back of the seat, immediately behind the defendant, who was driving the car. In reversing the conviction the court held that it was not justified under the decision in *People v. Niemoth,* 322 Ill. 51.

It is to be observed that in all three of these cases, in which convictions were procured for carrying concealed weapons on or about the person of the defendant, the cases were reversed without remanding orders. It seems to have been overlooked by counsel in the present case that the offense is not carrying deadly weapons, but carrying them concealed on or about the person. If a deadly weapon on the floor, in the back of the car where the defendant can reach down from where he sits, is not violative of the statute, how can the statute be violated by having a pistol on the floor near the front of the seat where it is impossible, without changing position to get his hand to where he could reach and use it? And, if a pistol stuck in the crevice between the seat cushions and the back of the seat

immediately to the back of the driver is not violative of the statute, it is impossible to perceive how the present conviction can be affirmed.

We think a reasonable construction of this statute, as indicated in the *Niemoth case,* is that there must be concealment of the weapon, and it must be on or about the person; and it must be so placed that it may be used without appreciable change in the position of the owner. It requires no great wisdom to know it is impossible to reach a pistol under a front seat of a car without changing position at the wheel, and it is also necessary to bend forward to reach under the seat.

In this case the People have entirely overlooked the fact that the car is claimed to be borrowed, and, according to the evidence, neither the defendant nor his companion had any knowledge of the pistol being in the car. While ownership might not be necessary, at least knowledge that the gun was in the car is essential to establish the commission of the crime charged. The second amendment to the constitution of the United States provides the right of the people to keep and bear arms shall not be infringed. This, of course, does not prevent the enactment of a law against carrying concealed weapons, but it does indicate it should be kept in mind, in the construction of a statute of such character, that it is aimed at persons of criminal instincts, and for the prevention of crime, and not against use in the protection of person or property. There is not an iota of evidence that the defendant was a criminal, or had associated with criminals, or that he came within any of the specific provisions against carrying a deadly weapon.

While ordinarily we attach great weight to the judgment of the trial court, yet, where there is a total lack of evidence to support the conviction, or where the evidence leaves grave doubt as to guilt, it is our duty to set aside the conviction. We are of the opinion that the testimony of the sole witness for the People was insufficient to estab-

lish a crime and, further, since the proof shows that the defendant did not own the automobile and did not know of the pistol being therein, which testimony is not rebutted in any way, that the conviction was wholly unwarranted.

The judgments of the Appellate Court for the First District and of the municipal court of Chicago are accordingly reversed.

*Judgments reversed.*

Mr. JUSTICE DAILY, dissenting:

I cannot concur with the result of this case or with the manner in which it was reached. The opinion correctly states that the construction of the concealed weapons statute has been that there must be a concealment of the weapon on or about the person, and that it must be so situated that it may be used without material change in the position of the person charged with concealing the weapon. In concluding that the gun here was not readily accessible to the defendant, this court has substituted its interpretation of the evidence for that of the trial court and the Appellate Court, and has resorted to an extreme test of what constitutes a material change in position. It should also be noted that the majority result does not come from a sifting of conflicting evidence, for defendant did not defend on the ground that the gun was not accessible.

In seeking to justify the finding that the defendant would have to materially change his position in order to secure the gun under the car seat, the majority has relied upon past decisions which, in my opinion, are not applicable on their facts. Commenting on *People* v. *Niemoth,* 322 Ill. 51, where the gun was on the floor of the back seat behind the driver, the opinion makes the unwarranted inference that the gun could be reached by the driver from where he sat. The result of that case clearly establishes that the driver could not reach the back floor from his sitting position. It is within common knowledge and experience that a driver must leave his sitting position at the

wheel, and in most cases cease driving, in order to reach an object on the floor of the back seat. In the present case, the facts established by the arresting officer, when coupled with common knowledge, show that the defendant could have easily maintained his sitting position, kept one hand on the wheel, his eyes on the road and have secured the gun merely by leaning forward and reaching down with his other hand. The movement and time involved would have been negligible in preventing defendant's speedy access to and use of the gun. Reaching for any concealed weapon will entail some change of position, and to limit that movement to the narrow confines set forth by the majority, is to render the statute nugatory as to weapons found "about" the person of an accused. *People* v. *Lake,* 332 Ill. 617, is apparently relied upon as stating that a weapon placed in the crevice between the seat cushion and the back of the seat immediately behind the driver is not readily accessible, thus not a concealed weapon. Such assumption can only come from a misinterpretation of the facts, for as I read the case the gun was in the crevice behind a passenger in the front seat, not in back of the driver who was the accused. The majority's statement that a gun in the crevice back of the driver is not a concealed weapon would be notice to all future criminals who travel by auto to take their guns out of their pockets while proceeding to the scene of their intended crime. Alluding to the facts of the *Lake case* is further erroneous because the only matter there determined was that the information charging the crime must contain the allegation that the weapon is concealed "on or about the person" of the party accused. A judicial opinion must be read as applicable only to the facts involved and is authority only for what is actually determined.

Likewise, the stress laid by the majority on the lack of proof that defendant owned the weapon, or the car in which it was found, finds no support either in the statute

or past decisions. Ownership of the weapon is not made an element of the crime by the statute, nor is ownership of the place or object in which it is found. Possession and accessibility are the elements defined, and to require proof of ownership is to place a burden on the People not contemplated by the legislature, and which would render conviction under the statute a virtual impossibility. In the instant case the defendant had possession and control of the automobile in which a gun was found. It was about his person and where it could be readily used. His statements that he did not own the gun and that he had borrowed the car should not be allowed to overshadow his possession and control of both the car and the gun. As I view it, proof of ownership in another and the extent to which those factors would excuse defendant, were matters for affirmative defense and not proof by the People. Defendant did not tell the trial court either the name or the address of the owner, or give any other information which could be called a successful pursuit of such a defense. Again, I must remark that the case relied upon by the majority is not in point. Denial of ownership of the car and of the gun found in the car were advanced as reasons for reversing the judgment against the defendant in *People v. Henneman*, 367 Ill. 151, only because the accused was *a passenger in the car* which was being driven by its owner. Nor was it shown that he had any control over the car or possession of the pistol found in its glove compartment. The *Henneman case* on its facts is not applicable here where defendant was driving and had possession and control of the car in which the weapon was found.

The observation that there is not an iota of evidence that defendant was a criminal, or had associated with criminals, has, in my estimation, no place in the determination of defendant's guilt or innocence. There was, likewise, no evidence offered by either defendant or his companion as to what their present or past occupations were. Whatever

428

his past conduct or associations, defendant has committed a criminal act by unlawfully carrying a concealed weapon. To excuse one who carries a gun unlawfully by looking into his past ignorés the future and constitutes a coddling of the unauthorized bearer which is realized too late when he finds occasion to use the gun for some other crime. Prevention of crime is, as I see it, a fundamental purpose of the act. That purpose should not be defeated by the strained constructions and extreme rules indulged in by the majority.

Mr. Justice Wilson, also dissenting.