People of the State of Illinois, Defendant in Error, v. Jeffrey McClendon, Plaintiff in Error.

Gen. No. 47,751.

First District, Second Division.
September 29, 1959.
Released for publication November 6, 1959.

Warren Wolfson and Dean Wolfson, of Chicago (Warren D. Wolfson, of counsel) for plaintiff in error.

Benjamin S. Adamowski, State's Attorney of Cook county (Francis X. Riley and William L. Carlin, Assist-

ant State's Attorneys, of counsel) for defendant in error.

PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Jeffrey McClendon, after a nonjury trial, was found guilty of wilfully and unlawfully carrying a concealed weapon on or about his person, in violation of paragraph 155, Chapter 38, Illinois Revised Statutes, 1955; he was fined $100 and costs. He prosecutes this writ of error on the theory that the evidence presented was insufficient to support the conviction.

Defendant, while driving his automobile, was arrested for a traffic violation, and the arresting officer found a loaded revolver under the driver's seat, which defendant admitted owning. It was wrapped in a large "rag towel" and was about four inches from the front of the seat. The officer testified: "I unraveled it. . . . I just pulled it out and unwrapped it. . . . I shuffled it out with these rags." Defendant testified, without contradiction, that he operated a tavern; that he placed the gun in the car earlier in the day, before going to a bank to deposit a large sum of money, and had forgotten it.

■ Concealment and accessibility are the essential elements of the crime. (People v. Liss, 406 Ill. 419 (1950).) The State contends that the proof here justifies the conviction and cites a number of out-of-state decisions to support the contention that the proof showed that the weapon was readily accessible for immediate use (Dillon v. City of Tulsa, 273 P.2d 145 (Okla.) (1954), where the weapon was carried in the glove compartment, and Hampton v. Commonwealth, 78 S.W.2d 748 (Ky.) (1934), where it was hidden in clothing on a shelf behind the driver).

■ The Illinois rule is that the weapon must be in such proximity of the accused as to be within his

easy reach and under his control (People v. Niemoth, 322 Ill. 51 (1926)), and must be sufficiently close to the person to be readily accessible for immediate use (People v. Lake, 332 Ill. 617 (1928)). In People v. Liss, 406 Ill. 419 (1950), the arresting officer found a pistol beneath the front seat of the car, at the middle thereof, about six inches back under the seat. At page 424, the court said:

"It must be so placed that it may be used without appreciable change in the position of the owner. It requires no great wisdom to know it is impossible to reach a pistol under a front seat of a car without changing position at the wheel, and it is also necessary to bend forward to reach under the seat."

■ We are of the opinion that the proof in this case does not meet the Illinois test of accessibility, as the unwrapping of a towel in order to reach the weapon after removal from underneath a car seat, shows that it was not "readily accessible for immediate use" or "in such close proximity that it can be readily used as though on the person." People v. Liss, 406 Ill. 419, 422.

The evidence does not establish the guilt of the plaintiff in error, and accordingly the judgment of the Municipal Court of Chicago is reversed.

Reversed.

KILEY and LEWE, JJ., concur.