(No. 40078.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ALFRED McKNIGHT, Appellant.

*Opinion filed May 29, 1968.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (JOHN J. VAN ZEYL and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, Springfield, and JOHN J. STAMOS, State's Attorney, Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and CHARLES C. LEARY, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Alfred McKnight, was indicted in the circuit court of Cook County and charged with unlawful use of weapons. At a bench trial he was found guilty and sentenced for a term of one to three years in the penitentiary. Defendant appeals from this conviction on the ground that his constitutional rights were violated by a search and seizure of certain evidence.

Defendant was driving and Ira Randall was riding in a 1959 Ford around midnight on December 9, 1965, when they were stopped by the police because there was no light over the license plate. Defendant showed the police a valid driver's license, but said that the car was borrowed from a friend. When Randall stepped out of the car he had a

gun in his right pants pocket. Defendant and Randall were then taken to the station and a search of the car disclosed a loaded pistol 4 to 6 inches under the seat of the car between the driver and the center hump. One of the police officers testified that when the spotlight was turned on the car he saw defendant change his hands on the steering wheel and bring his right hand down with a dipping motion of the shoulder. Defendant denied knowledge of the pistol or the home address of the owner of the car. Police investigation also failed to discover the whereabouts of the owner of the car.

Defendant first contends that the search of the car was unreasonable and the seizure of the pistol unlawful and therefore the pistol should have been suppressed. We do not agree. Recent decisions of the United States Supreme Court and of this court have eliminated some artificial tests in determining the reasonableness of a search subsequent to an arrest. The mere fact that the party has been taken into custody and his car impounded does not *per se* invalidate a search of the automobile. *Cooper* v. *California,* 386 U.S. 58, 17 L. Ed. 2d 730, 87 S. Ct. 788; *People* v. *Brown,* 38 Ill.2d 353; *People* v. *Jones,* 38 Ill.2d 427; *People* v. *Rossolille,* 38 Ill.2d 316.

The test of reasonableness is a practical one, and must be determined in the light of all the circumstances confronting the arresting officers. (*United States* v. *Rabinowitz,* 339 U.S. 56, 94 L. Ed. 653, 70 S. Ct. 430.) While the car was originally stopped for a mere traffic violation, the suspicious movements of the defendant when the spotlight was turned on him, the fact that the car did not belong to the defendant, and, most important of all, the fact that defendant's companion was armed, gave the police reasonable cause to believe that they were not dealing with ordinary traffic offenders.

Under all the facts and circumstances we believe the search of the automobile subsequent to the arrest was rea-

sonable and based upon probable cause, and the motion to suppress was properly denied.

Defendant next contends that the pistol was not "immediately accessible" to the defendant within the statutory definition of the crime charged. In support of this position defendant relies on *People* v. *Liss,* 406 Ill. 419. In that case a majority of the court reversed a conviction under a prior act making it illegal to "carry concealed *on or about his person* a pistol, revolver or other firearm." (Emphasis supplied.) (Ill. Rev. Stat. 1949, chap. 38, par. 155.) We concede that the facts in the *Liss* case are similar to those now before us. However, the applicable statute was changed in 1961 to provide in part as follows:

"A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(4) Carries concealed *in any vehicle* or concealed on or about his person \* \* \* any pistol, revolver or other firearm \* \* \*." (Emphasis supplied.) Ill. Rev. Stat. 1967, chap. 38, par. 24—1(a)(4).

In commenting on this section, the Committee Comments revised by Professor Charles H. Bowman state: "Section 24—1(a)(4) contains a significant modification of law in that the carrying of a firearm concealed in a vehicle is now prohibited. Under former law this was permitted unless the bearer was a previous offender (see Ill. Rev. Stat. 1959, ch. 38, § 155a), or he had the weapon sufficiently accessible to qualify as being 'on or about his person.' (*People* v. *Liss,* 406 Ill. 419, 94 N.E.2d 320 (1950); Note, 1951 U. Ill. L. Forum 480 (1951).)" S.H.A. chap. 38, art. 24, p. 364.

We agree that section 24—2 exempts from the Act "transportation of weapons broken down in a non-functioning state or not immediately accessible." (Ill. Rev. Stat. 1967, chap. 38, par. 24—2(b)(4).) However, the 1961 amendment makes the *Liss* decision inapplicable here. In

accordance with a normal understanding of the language we believe this pistol was concealed in a motor vehicle and was "immediately accessible," even though under the holding in *Liss* it might not be considered "on or about the person" of defendant.

Defendant finally argues that the State failed to prove ownership or knowledge of the pistol by the defendant. While it is unnecessary to prove defendant's ownership, we agree that knowledge that the gun was in the car is essential to establish a crime. (*People* v. *Liss,* 406 Ill. 419.) However, scienter may and must often be proved by circumstantial evidence. Here there is evidence that defendant made motions with his right hand and a dipping motion of the shoulder prior to being stopped; his companion was armed; and the pistol was found loaded under his seat. In view of these circumstances and the contradictions in the testimony, we feel that the trial judge was justified in finding defendant had knowledge of the presence of the pistol.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.