THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* THE CITY OF ROCK ISLAND HOUSING AUTHORITY *et al.*, Defendants-Appellees.

(Nos. 73-87, 73-88 cons.;

Third District—December 18, 1973.

William J. Scott, Attorney General, of Springfield, and David De-Doncker, State's Attorney, of Rock Island (Jayne Carr, Assistant Attorney General, of counsel), for the People.

Stuart Lefstein, of Rock Island, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Rock Island County, Illinois, dismissing a complaint for an injunction, and from an order of that court dismissing an 87-count information, in cases which were consolidated. The complaint for an injunction sought to compel the correction of various alleged violations of the State Fire Code in a housing project operated by the City of Rock Island Housing Authority. The 87-count information charged the Housing Authority and its executive director with failure to comply with an order of the State Fire Marshall to construct a second stairway leading down from the third floor of each apartment unit in its housing project.

The order dismissing the complaint for an injunction stated, by way of explanation, that the enforcement of fire regulations within the City of Rock Island was for the City, and that the State of Illinois had no authority to issue regulations applicable there. The opinion filed rested this conclusion on the interpretation of certain statutes advanced by the defendants, the Housing Authority and its executive director.

It is the position of the defendants that the City has exclusive authority to enforce fire regulations because of Section 9 of the statute entitled "An Act in relation to the investigation and prevention of fires and dangerous conditions in and near buildings and other structures," approved June 15, 1909, as amended (Ill. Rev. Stat. 1971, ch. 127½, sec. 9). This section authorizes the Department of Law Enforcement to adopt rules to protect the public from fire hazards, and then continues: "All local officers charged with the duty of investigating fires shall enforce such rules, under the direction of the Department of Law Enforcement, except in those localities which have adopted fire prevention and safety standards comparable to such rules."

It is argued that by reason of this last sentence, a municipality which has comparable fire prevention and safety standards has exclusive jurisdiction to enforce its own rules. This sentence, it is asserted, must be

read as a qualification of section 9e of the same statute (Ill. Rev. Stat. 1971, ch. 127½, sec. 9e), which reads in part as follows: "The provisions of Sections 9, 9a, 9b, 9c, 9d and 9e shall not be construed to affect or repeal any ordinances of any municipality relating to building inspection, fire limits, fire prevention, or safety standards, but the jurisdiction of the Department of Law Enforcement shall, in such municipalities, be concurrent with that of the municipal authorities."

It does not appear to us, however, that there is any conflict between these sections which might justify making section 9 a qualification of section 9e, so as to grant exclusive jurisdiction to municipalities with comparable fire prevention standards despite the general provision for concurrent jurisdiction which Section 9e expresses. Section 9 simply says to municipalities: if you have comparable rules, you may enforce yours and we if necessary will enforce ours. The language of section 9e is plain and its meaning inescapable: "the jurisdiction of the Department of Law Enforcement shall, in such municipalities, be concurrent with that of the municipal authorities."

■■ The argument advanced in support of the Circuit Court's dismissal of the complaint for an injunction being erroneous, in our opinion, we find it necessary to reverse the order dismissing the complaint.

■■ The order of the Circuit Court dismissing the 87-count information, on the other hand, did not specify the basis for the dismissal. However, we note that none of the 87 counts state that the order therein mentioned had become final, as was necessary under section 9e of the same statute (Ill. Rev. Stat. 1971, ch. 127½, sec. 9e). An information charging an offense defined by statute should be as descriptive of the offense as is the language of the statute and should allege every substantial element of the offense as defined by the statute. (*People v. Lake*, 332 Ill. 617, 619.)

The pertinent part of the statute follows:

> "Wilful failure, neglect or refusal to comply (1) with the order of the Department of Law Enforcement or other officers *after it has become final* by reason of failure to prosecute an appeal as provided by this Act or (2) * * * is a misdemeanor * * *." (Emphasis supplied.)

Under this statute there is no offense against the law until after the order of the Department has become final. If that element is lacking no crime is established. This is merely the application of the universal rule where a statute requires the existence of a particular fact or condition to constitute a crime. *People v. Trumbley*, 252 Ill. 29, 31.

■■ We therefore find that the order dismissing the information is correct and should be affirmed.

Accordingly, the order of the Circuit Court of Rock Island County dismissing the information is affirmed, its order dismissing the complaint for an injunction is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part, and remanded.

ALLOY, P. J., and STOUDER, J., concur.