THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM HOUSE, Defendant-Appellant.

(No. 60454;

First District (5th Division)—June 13, 1975.

Francis E. Andrew, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Donald M. Devlin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant was charged in an indictment with carrying "concealed on his person a revolver" within 5 years of his conviction for a felony (Ill. Rev. Stat. 1973, ch. 38, pars. 24—1(a)(4)). Following a bench trial he was found guilty as charged and sentenced to a term in the penitentiary of 1 year and 1 day. On appeal he contends that (1) there was a "fatal variance" between the allegations in the indictment and the evidence adduced at trial, (2) the indictment failed to charge an offense, and (3) the court erred in failing to hold a hearing to determine his competency to stand trial.

By stipulation the evidence at trial consisted in large part of the testimony taken at the preliminary hearing and at the hearing on a suppression-of-evidence motion.

At the preliminary hearing Chicago Police Officer Roger Wilson testified that at 9:30 P.M. on March 1, 1973, he received a radio call to pro-

ceed to 4307 West Van Buren Street. On his arrival he observed a group of people gathered at the corner of Van Buren and Kildare. They told him that a man wearing a green hat had fired a gun in the alley behind the 4300 block of Van Buren. Wilson and his partner entered the alley where they observed defendant, who was wearing a green construction helmet, throw something into a garbage can. Defendant was standing approximately four paces from the garbage can when he tossed the object into it. Defendant then moved into the center of the alley to a position beside their squad car approximately 12 feet from the garbage can. Wilson's partner reached into the can and recovered a chrome-plated .38-caliber revolver. They then placed defendant under arrest for unlawful use of weapons. Wilson subsequently learned that defendant had been convicted of a felony "within the last 5 years." In addition to defendant there were two other men and a woman in the alley. Defendant was the only man standing close to the garbage can.

Officer Wilson was called by defendant at the hearing on the suppression motion and testified that defendant was standing within 6 to 8 feet of a street light. He had been informed that gunshots had been fired. He had not heard any gunshots. After arresting defendant and advising him of his rights, Wilson asked him why he had fired the gun. Defendant, in response, identified the gun as his and said that he dropped it.

Officer Hans Heitman was called by defendant at the suppression hearing and testified that he was Officer Wilson's partner. When they entered the alley, his attention was drawn to defendant because he dropped an object, which appeared to be a gun, into a trash can. He was 5 feet from defendant when he saw him drop the gun. Heitman retrieved the gun by reaching "not too much" into the can, and defendant was placed under arrest. After being taken into custody, defendant "admitted to having the gun."

Robert Williams was called by defendant at the suppression hearing and testified that he is a friend of defendant. On March 1, 1973, he accompanied defendant to a building at 4307 West Van Buren which defendant was remodeling. They found that someone had broken into the building and stolen four or five bathtubs. They found the bathtubs next door and, with the help of a boy, carried them back to defendant's building. He did not hear any shots in the alley. When the police arrived, there were 30 or 40 people at the scene. He saw defendant throw a liquor bottle into a trash can. Williams testified that he was wearing his brother-in-law's green construction helmet.

It was stipulated that defendant had been found guilty of burglary on September 27, 1968.

At trial defendant testified that he lives at 4907 South Princeton and

is in the barbecue business at 2155 West Warren. On March 1, 1973, he went to a building which he is remodeling at 4307 West Van Buren because he heard it had been burglarized. He discovered that four bathtubs had been taken. He found them in a garage down the alley from his building. After notifying the owner of the garage, he got two men to help him return the bathtubs to his building. To show his appreciation for their assistance he gave one of them money to buy liquor. When the man returned, they remained in the alley and drank. He noticed police officers approaching and threw a half-pint bottle of Scotch into a garbage can. A police officer reached into the garbage can and removed a pistol. He made no statements to the police after he was arrested.

The trial judge found him guilty as charged, stating:

"* * * it appears that prior to the arrival of the officers on the scene this weapon was concealed. * * * It appears to this court if a person has a weapon concealed on or about his person, and if he then withdraws the weapon from concealment for whatever purpose, the fact that he then displayed the weapon does not remove him from the sanction of the criminal code."

The court then ordered a presentence investigation, feeling it inappropriate to immediately proceed with a hearing on aggravation and mitigation. Defendant protested his innocence and pointed to inconsistencies in the State's case. The court responded that it realized defendant was "upset" due to the fact that his daughter recently died. The court further stated that in order to impose an "intelligent sentence" it would be best to proceed at a time when defendant was "sober" and "in condition to cooperate with me or counsel."

OPINION

The trial court found that the circumstances surrounding defendant's encounter with Officers Wilson and Heitman led to the inference that he had been carrying a concealed weapon prior to the arrival of the police on the scene. Defendant initially contends that his conviction arising from this finding must be reversed because it is erroneous as a matter of law.

■■ The State concedes that a court may not infer the prior concealment of a weapon from an individual's plain view possession of it. (See *People v. Beason*, 342 Ill.App. 621, 97 N.E.2d 603.) It argues, however, that defendant's conviction may be grounded on the theory that by throwing the revolver into the garbage can he concealed the weapon *after* the police entered the alley.

In order to secure defendant's conviction for a violation of section 24—1(a)(4), the State was required to prove that the revolver was

readily accessible to him for his immediate use. (*People v. Niemoth*, 322 Ill. 51, 152 N.E. 537; *People v. Lake*, 332 Ill. 617, 164 N.E. 167.) The essence of this element of the offense is that the weapon must be concealed within the accused's convenient control so that he or she could promptly use it if driven to do so by any violent motive. (See 43 A.L.R.2d 492, 504.) Applying this rule, the supreme court in *People v. Liss*, 406 Ill. 419, 94 N.E.2d 320, held the proof insufficient to convict where undisputed police testimony showed that a pistol was discovered "lying under the front seat about the middle of the car," and the defendant was driving the car. The court stated that the pistol was not readily accessible to the defendant since it would have required an appreciable change in position by the defendant to reach it. See also *People v. Adams*, 73 Ill. App.2d 1, 220 N.E.2d 17; *People v. McClendon*, 23 Ill.App.2d 10, 161 N.E.2d 584.

■■ In the instant case the record reveals that defendant was standing at the rear of his property, a building on the West Side which he was rehabilitating. He was there due to reports that the building had been burglarized. As the two police officers approached, defendant threw a revolver which he had been openly holding into a garbage can standing several paces from him. Defendant then moved further away from the garbage can to a position in the center of the alley beside the police car. Officer Heitman walked to the partially full receptacle, reached into it and retrieved the gun. Prior to defendant's act of throwing the gun, it had not been concealed. After defendant had thrown it into the garbage can, the gun was not accessible for immediate use. Clearly, to retrieve the weapon lying in a partially full garbage can a dozen feet away would have required a change of position much more appreciable than that required of the defendant in *Liss*. We believe that the State failed in its proof of this element, and therefore defendant's conviction must be overturned.

Due to our disposition of this issue, we need not discuss the other contentions raised by defendant. The judgment entered below is reversed.

Reversed.

LORENZ and SULLIVAN, JJ., concur.