**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180140-U

Order filed July 20, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, Hancock County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0140 Circuit No. 16-CF-149 |
| | ) | |
| KELI G. WUSTROW, | ) ) | Honorable Raymond A. Cavanaugh, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Presiding Justice McDade and Justice Lytton concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  The evidence presented at trial was insufficient to establish beyond a reasonable doubt that defendant was guilty of unlawful possession of a weapon by a felon.

¶ 2     Defendant, Keli G. Wustrow, appeals following her conviction for unlawful possession of a weapon by a felon (UPWF). She argues that the State's evidence was insufficient to demonstrate her guilt beyond a reasonable doubt. We agree, and reverse defendant's conviction.

¶ 3                                    I. BACKGROUND

¶ 4    The State charged defendant via information with UPWF (720 ILCS 5/24-1.1(a) (West 2016)). The matter proceeded to a bench trial on September 25, 2017.

¶ 5    The evidence at defendant's bench trial established that defendant was driving her vehicle on August 13, 2016, with two children under the age of 10 in the backseat. Officer Justin Hobby recognized defendant, knew her to be driving without a valid driver's license, and stopped her. A subsequent search of the vehicle, conducted at the police station, revealed the presence of a .22–caliber firearm inside the locked trunk. Also found in the trunk was a loaded magazine, which was not inserted into the firearm.

¶ 6    Christin Young testified that she and defendant were good friends. Wustrow was involved romantically with Robert Wheeler, the father of Young's child. Wheeler lived in Iowa.

Young explained that on the day in question, she and defendant were visiting Wheeler's home, where Wheeler kept a gun. Young testified: "[Defendant] pulled up; thought that he was going to kill himself with the gun because he was suicidal, and cried and fought and took the gun away from him and put it in her trunk of her car so he no longer had it."

¶ 7    Young further testified that defendant contacted her after defendant's arrest, asking that Young retrieve the firearm from the trunk before the police discovered it. Defendant informed Young that she would need to access the trunk through the backseat, because the trunk was locked and defendant had the key. Young, uncomfortable with the request, informed the police about the firearm. Evidence of text messages sent from Young's cell phone were introduced into evidence and corroborated her account of her exchange with defendant.

¶ 8    Defendant testified in her own defense and denied any knowledge of the firearm. She denied taking any firearm from Wheeler or putting any firearm in her trunk. She had loaned her

vehicle to another person approximately three weeks earlier and had never received back the key to the trunk.

¶ 9    The circuit court found defendant guilty of UPWF. Specifically, the court found that defendant "was in constructive possession of that firearm" when she was driving her vehicle.

¶ 10                    II. ANALYSIS

¶ 11    On appeal, defendant argues that the evidence at trial was insufficient to demonstrate her guilt beyond a reasonable doubt. She contends that the State failed to show that the firearm was on or about her person, as required by the UPWF statute.

¶ 12    When a challenge is made to the sufficiency of the evidence at trial, we review to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). In making this determination, we review the evidence in the light most favorable to the prosecution. *People v. Baskerville*, 2012 IL 111056, ¶ 31. It is not the purpose of a reviewing court to retry a defendant. *People v. Milka*, 211 Ill. 2d 150, 178 (2004). Instead, great deference is given to the trier of fact. See, *e.g.*, *People v. Saxon*, 374 Ill. App. 3d 409, 416-17 (2007). All reasonable inferences from the record in favor of the prosecution will be allowed. *People v. Bush*, 214 Ill. 2d 318, 326 (2005).

¶ 13    The UPWF statute provides:

> "It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business *** any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction." 720 ILCS 5/24-1.1(a) (West 2016).

¶ 14    Defendant maintains that the firearm in this case was not "on or about" her person, as it was inside the locked trunk of her vehicle and was out of her reach. The State argues that defendant

3

was in actual possession of her vehicle, and was, therefore, in actual possession of the firearm within the vehicle. Alternatively, the State suggests that the evidence nevertheless showed defendant to be in constructive possession of the firearm. The State maintains that the "on or about" requirement does not require that the firearm be immediately accessible or within arm's reach of a defendant.

¶ 15    Recently, our supreme court rejected the notion that the mere presence of a firearm within a vehicle driven by a defendant is tantamount to actual possession of that firearm. *People v. Wise*, 2021 IL 125392, ¶¶ 24, 26. Accordingly, like the *Wise* court, we may limit our analysis to a determination of whether the State demonstrated constructive possession of the firearm.[1]

¶ 16    "[C]onstructive possession of a firearm may be shown where the person has knowledge of the presence of the weapon and exercises immediate and exclusive control over the area where the firearm is found." *People v. Brown*, 2020 IL 124100, ¶ 11. As Young's testimony would plainly allow a rational trier of fact to conclude that defendant had knowledge of the presence of the firearm, we may limit our analysis even further. Thus, we must determine only whether the evidence presented by the State would allow a rational trier of fact to conclude beyond a reasonable doubt that defendant was exercising immediate and exclusive control over the firearm when she was stopped by the police. In order to do so we consider whether the gun was in the immediate and exclusive control of the defendant during the time she was in the driver's seat of the vehicle and the gun was in the trunk.

¶ 17    In *Wise*, our supreme court considered a similar question. In that case, a firearm was found in a cupholder in the rear passenger compartment of a minivan driven by the defendant. *Wise*, 2021

---

[1]To be sure, defendant would have been in actual possession of the firearm when she, per Young's testimony, took the firearm from Wheeler and placed it in the trunk of her vehicle. That event, however, occurred in Iowa.

4

IL 125392, ¶¶ 3-4. The defendant was aware that the firearm was in the minivan, but told officers that it belonged to another person. *Id.* ¶ 6. A testifying officer opined that the firearm was between 5 and 10 feet away from the defendant's position in the driver's seat. *Id.* ¶ 7. The officer did not believe it would have been possible for the defendant to reach the firearm. *Id.*

¶ 18 In considering whether the above facts sufficiently demonstrated the defendant's immediate and exclusive control over the area in which the firearm was found, the court emphasized that "[t]he defendant's proximity to the weapon is another factor that courts have found relevant in determining whether the defendant constructively possessed a firearm." *Id.* ¶ 29. The *Wise* court found that its prior decision in *People v. Condon*, 148 Ill. 2d 96 (1992), provided "a helpful analogue." *Wise*, 2021 IL 125392, ¶ 29. In *Condon*, the court considered whether a weapon was on or about a person in the context of the armed violence statute. *Id.* ¶ 30. Of the *Condon* decision, the *Wise* court wrote:

> "[U]nder the circumstances of that case, where police found the defendant in the kitchen while the firearms were in other rooms of the house, this court determined that the deterrent purpose was not served. [Citation.] Rather, we observed that, for the 'deterrent purpose of the armed violence statute' 'to be served, it would be necessary that the defendant have some type of *immediate access to* or *timely control over* the weapon.' [Citation.] We found the danger that the defendant 'would be forced to make an instantaneous decision to use the guns was nonexistent because he had no 'immediate access to' or 'timely control over' the guns.' " (Emphases in original.) *Id.* ¶ 31 (quoting *Condon*, 148 Ill. 2d at 109-110).

¶ 19 The *Wise* court also relied upon its prior decision in *People v. Liss*, 406 Ill. 419, 422 (1950), in which it reversed a conviction for insufficient evidence that the defendant carried a firearm.

5

*Wise*, 2021 IL 125392, ¶¶ 32-33. In *Liss*, a firearm was discovered "beneath the front seat of the car, at about the middle thereof, six inches back under the seat." *Liss*, 406 Ill. at 419-21. Stated the *Wise* court:

> "This court reversed the defendant's conviction, observing that 'when the statute prohibits the concealing of a weapon "on or about the person" *** the weapon must be actually concealed on the person, or in such close proximity that it can be readily used as though on the person.' " *Wise*, 2021 IL 125392, ¶ 33 (quoting *Liss*, 406 Ill. at 422).

¶ 20     The *Wise* court then cited the testimony in that case indicating that the firearm was between 5 and 10 feet from the defendant and the officer's opinion that the defendant would be unable to reach the firearm. *Id.* ¶ 34. It also noted that there was no evidence that the defendant had touched or held the firearm. *Id.* The court then concluded: "Given these facts, we conclude that the State presented insufficient evidence to prove beyond a reasonable doubt that defendant possessed the weapon in violation of section 24-1.1(a)." *Id.*

¶ 21     We find that *Wise* controls the outcome in the instant case. If a firearm located in the backseat, 5 to 10 feet from the driver, is not within the immediate and exclusive control of the driver, it follows, *a fortiori*, that a firearm in a locked trunk is also not within the immediate and exclusive control of the driver.

¶ 22     In reaching this conclusion, we recognize that the facts in the instant case are not identical to those in *Wise*. However, none of the slight factual differences between *Wise* and the instant case would change the outcome here. Our supreme court's analysis in *Wise* makes it clear that the overriding concern when determining construction possession is a defendant's location with respect to the firearm and his or her ability to reach the firearm in immediate fashion.

¶ 23    We also note that the State has declined to argue that there is any distinction between *Wise* and the instant case that would render our reliance on *Wise* inappropriate. While our supreme court's recent decision in *Wise* was released after the parties in this case had filed their briefs, this court's decision in the same case—in which we reversed on the same grounds later employed by the higher court—was referenced by the State. See *People v. Wise*, 2019 IL App (3d) 170252. The State simply argued that "*Wise* is wrongly decided," tacitly acknowledging that our supreme court's opinion in that matter would control here.

¶ 24    Accordingly, we find that no rational trier of fact could conclude beyond a reasonable doubt that defendant possessed a firearm "on or about [her] person." 720 ILCS 5/24-1.1(a) (West 2016); *Collins*, 106 Ill. 2d at 261. We therefore reverse defendant's conviction for UPWF outright.

¶ 25                                III. CONCLUSION

¶ 26    The judgment of the circuit court of Hancock County is reversed.

¶ 27    Reversed.