PACKARD BAMBERGER & CO., INC., A CORPORATION IN THE STATE OF NEW JERSEY, PROSECUTOR, v. THE BOARD OF PHARMACY OF THE STATE OF NEW JERSEY, DEFENDANT.

Submitted May 7, 1946—Decided July 8, 1946.

Before Justices PARKER, DONGES and OLIPHANT.

For the prosecutor, *Winne & Banta* (*Horace F. Banta*, of counsel).

For the defendant, *Walter D. Van Riper*, Attorney-General (*William K. Miller*, Assistant Deputy Attorney-General, of counsel).

The opinion of the court was delivered by

OLIPHANT, J. This is a *certiorari* to review the action of the State Board of Pharmacy in denying an application for a pharmacy and drug store permit.

Prosecutor is the owner and operator of a large department store in Hackensack and has, since 1935, held what is known and referred to as a limited pharmacy permit under which it could and did sell patented medicines and drugs in their original packages, some of which contained poison, but under which it could not compound prescriptions. This pharmacy

has at all times been managed and supervised by a duly licensed pharmacist.

On November 7th, 1945, prosecutor filed an application with the State Board of Pharmacy for an unrestricted or unlimited pharmacy permit. On December 19th, 1945, the application was denied, such refusal being predicated on the basis that "Packard-Bamberger & Co., Inc., is not deemed qualified to conduct a pharmacy or drug store in this state, and because the establishment for which the permit is sought is, in the opinion of the Board, not a pharmacy or drug store within the meaning of the Pharmacy Act, and the corporation is unable to satisfy the requirements of sections 45:14–10, 45:14–30, 45:14–32 and 45:14–33 of the Revised Statutes which regulate the operation of entire establishments as pharmacies and drug stores."

The evidence before us discloses that prosecutor has held a limited pharmaceutical permit for eleven years. During that time, on four different occasions, it committed violations of the Pharmacy Act but it is noted that after each violation its license was renewed for the succeeding year by the Board, and particularly should it be emphasized that the registered pharmacist in charge of the drug department of prosecutor during the times when these violations occurred has been granted an unrestricted permit to open and conduct a pharmacy of his own within a few blocks of the store of Packard Bamberger & Co., Inc. Upon opening his drug store he advertised that he was formerly managing director of the drug department of prosecutor. Certainly if an owner be deemed not a proper person to conduct a drug store because of violations of the Pharmacy Act the pharmacist in charge of the department at the time of those violations is not qualified to be granted a permit of his own. The statute *R. S.* 45:14–6 makes both the pharmacist and the owner equally liable as principals for any violation. This ground for denial of the permit appears to us, under the circumstances, flimsy, arbitrary and tenuous.

We recognize that the sale and preparation of drugs, medicines, poisons, narcotics and doctors' prescriptions involve dangers to public health and welfare and that the public

should be protected by the proper supervision and regulation of the pharmacy business, but we further recognize that there has been a great change in that business over the years. Time was when a drug store was just that, it was a personalized one man shop, its proprietor was a pharmacist who gloried in his work and his worth to the community. To-day a pharmacist, in many instances, while having pride in his work and profession is a cog in a large machine working for absent proprietors or owners. Often the drug and prescription business of a pharmacy is in fact a separate department in a large establishment selling many other articles in numerous departments.

The Pharmacy Act itself, *R. S.* 45 :14–32, defines the words "pharmacy" and "drug store" as an "establishment or place of business which, under the provisions of this chapter, is required to be operated and managed at all times by a registered pharmacist." This language cannot be said to preclude a separate department in a general department store from being classed in such a category and in our judgment nothing in the entire act could lead to such a determination. It is common knowledge as well as disclosed by the record that many drug stores in this state are department stores to a greater or less degree. By the action of the Board in this case it seeks to lay down a rule, not contemplated by statute or its own regulations, that one already holding a license or permit may expand his business into a department store but a department store once established cannot procure a permit for a drug store to be conducted as a separate department therein.

The defendant attempts to read into the act the inference that the statute contemplates the operation of "entire establishments as pharmacies and drug stores." This is an effort to set up an artificial and unreal classification to which neither the statute nor any rules or regulations of the Board lend substance.

It is asserted by defendant that because prosecutor closes its store at 6 :00 P. M. on some days of the week, at 9 :00 P. M. on others and that it is closed on Sundays and holidays sufficient service to the public could not be rendered. Again there is no rule or regulation of the Board and nothing con-

tained in the statute which prescribes the hours during which a pharmacy shall be open, and again it is common knowledge that some drug stores now holding unlimited permits are closed at night, on Sundays and holidays.

Nothing appears in the record and we are unable to discern any reason, if a permit be granted prosecutor, that all statutory regulations and requirements cannot and will not be complied with.

Every applicant for a pharmacy and drug store permit is entitled to equal consideration based upon equal standards and uniform and fair rules. There is no authority in the statute for arbitrary and oppressive distinctions. It has uniformly been held that the exercise of statutory power must not only be fairly and impartially employed but that it must be in harmony and consistent with the statute upon which it relies for authority. The Board of Pharmacy is vested with discretionary power in the granting of permits and under the law the judgment of the Board should not be set aside unless its action was discriminatory, arbitrary and capricious, in other words, unless there was a clear abuse of discretion. *Zicherman* v. *Driscoll*, 133 *N. J. L.* 586. As was said in *Librizzi* v. *Plunkett*, 126 *Id.* 17, "The test is whether there has been a reasonable, *bona fide* exercise of the discretion granted by the legislative authority, distinguished from arbitrary action." The answer in the instant case must be in the negative.

The action of the defendant in denying the application of prosecutor is reversed.