PACKARD-BAMBERGER & CO., INC., PROSECUTOR-APPELLANT, v. THE BOARD OF PHARMACY OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October 25, 1946—Decided February 4, 1947.

For the appellant, *Walter D. Van Riper,* Attorney-General, and *William K. Miller,* Deputy Attorney-General.

For the respondent, *Winne & Banta* (*Horace F. Banta,* of counsel).

PER CURIAM.

The judgment is affirmed for the reasons expressed in the opinion of Mr. Justice Oliphant for the Supreme Court.

We do not concur in appellant's view that it is the sense of the statute (*R. S.* 45:14–30, 45:14–32, 45:14–33) that a pharmaceutical permit is not issuable to an "establishment which is not conducted as a pharmacy or drug store in its entirety." This is a strained construction of the statutory provision that a drug store or pharmacy shall be "operated or managed at all times by a registered pharmacist"—an interpretation not in keeping with either the letter or the spirit of the act. That provision plainly has reference to the portion of the premises devoted to such use. This is not to say, however, that such a permit must issue regardless of the surroundings, if the statutory prerequisites are otherwise satisfied. It is a function that calls for the exercise of a sound discretion, guided by the policy of the act; and, if the environment be utterly unsuited to a business of this character, considered in the light of the policy to be served by the statute, a denial of the permit cannot be classed as arbitrary or capricious. This is a circumstance bearing upon the qualifications of the applicant, within the intendment of section 45:14–33, *supra.*

Such is clearly not the case here. The particular premises are situated in a large department store; and they had long been used, under a limited pharmacy permit, for the sale of patent medicines and drugs in their original packages, under the supervision of a licensed pharmacist. We hold the view that the denial of the additional right to compound prescriptions as an adjunct to the kindred business thus established, under the like expert supervision, would constitute an arbitrary exercise of the delegated statutory power.

*For affirmance*—BODINE, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, DILL, FREUND, JJ.   8.

*For reversal*—THE CHIEF JUSTICE, WELLS, RAFFERTY, McGEEHAN, McLEAN, JJ.   5.