**People of the State of Illinois, Plaintiff-Appellee, v. John Adams, Defendant-Appellant.**

**Gen. No. 48,782.**

First District, Second Division.

October 23, 1962.

Charles L. Michod, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Rudolph L. Janega and Edwin J. Belz, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

An information charged that on December 20, 1961, John Adams unlawfully carried concealed on or about his person a 25-caliber automatic pistol. In a trial without a jury on a plea of not guilty the court found the defendant guilty as charged in the information, fined him $25 and suspended the fine. He appeals.

The defendant, married and the father of three children and with a good reputation as a peaceable and law-abiding citizen, was driving to his house in Chicago at about 1:30 a. m., Wednesday, December 20, 1961, when two police officers in an automobile patrolling the area, required the defendant's car to stop. The police officers were on

the lookout for a burglary suspect driving a compact car of the type defendant was driving. The defendant got out of his car. An officer searched the automobile and found a 25-caliber loaded pistol on the floor in front of the front seat. The policeman who made the search testified that the gun was lying on the floor of the car on the driver's side immediately in front of the front seat, and that upon his arrest defendant said that he had the gun for protection.

Defendant had been the manager of a well-known bowling alley with a good reputation for six years. Defendant and the proprietor of the bowling alley testified that the proprietor requested the defendant to purchase a gun "for protection" as they had been having trouble with rowdies at the bowling alley. The proprietor paid for the gun. It appears from the testimony that when the defendant left the bowling alley to go home he did not realize that he had the gun in his possession. When he discovered that he had the gun, he shoved it under the front seat. It was well under the front seat at the time he stopped his car on command of the police. He thought that when he suddenly applied his brakes the gun slid forward on the floor from its position under the front seat. He is a stout man and cannot readily reach down from his position behind the wheel.

■ The defendant is charged with carrying a pistol concealed on or about his person. At the time defendant was stopped by the police the gun was not accessible nor was it concealed on or about his person. See People v. Liss, 406 Ill 419, 94 NE2d 320; People v. McClendon, 23 Ill App2d 10, 11, 161 NE2d 584. The gun was inaccessible. Defendant could not have grasped it without opening the door of the compact car he was driving. Under the law and the evidence the defendant should have been acquitted.

■ The judgment entered in this case is unusual in that it is followed by the words "fine suspended." In

3

criminal law the terms "sentence" and "judgment" are generally synonymous and denote the action of the court formally declaring the legal consequence of the guilt which the accused has confessed or of which he has been found guilty. 24 CJS, Criminal Law, § 1556, page 380. The general rule is that in the absence of statutory authority, the court has no power indefinitely to suspend the execution of its sentence, and that any such order made after judgment, or as a part thereof, is to that extent void. 24 CJS, § 1618(1), page 868. The only suspension of sentence authorized in Illinois is given in the Probation Act. People v. Wright, 296 Ill 455, 462, 129 NE 819. Should the order suspending the fine be considered a vacation of the judgment, the case would be pending and there would be no judgment from which to appeal. In the instant case we choose to view the suspension of the fine as beyond the power of the court and a nullity. Under this assumption the defendant has a right to appeal from the final judgment.

For the reasons stated the judgment is reversed and the cause is remanded with directions to find the defendant not guilty and to enter judgment for him.

Judgment reversed and cause remanded with directions.

BRYANT, P. J. and FRIEND, J., concur.