OSCO DRUG, INC., Plaintiff-Appellee, *v.* THE DEPARTMENT OF REGISTRATION AND EDUCATION, Defendant-Appellant.

First District (1st Division) No. 76-1571

Opinion filed November 7, 1977.

William J. Scott, Attorney General, of Chicago (Charles J. Pesek, Assistant Attorney General, of counsel), for appellant.

McDermott, Will & Emery, of Chicago (Harold J. Bressler and Robert T. Palmer, of counsel), for appellee.

Sidney Waller, of Waller and Waller, of Chicago, for *amici curiae* The Chicago Retail Druggists Ass'n and The Illinois Pharmaceutical Ass'n.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Osco Drug, Inc. (plaintiff), filed an amended complaint for declaratory judgment and injunctional relief against the Illinois Department of Registration and Education (defendant). The amended complaint

involved construction of the Pharmacy Practice Act (Ill. Rev. Stat. 1975, ch. 91, par. 55.1 *et seq.*), regarding whether plaintiff was required to have a registered pharmacist present for a majority of the hours that its stores were open to the public. Defendant filed a motion for judgment on the pleadings. Plaintiff filed a motion for summary judgment. After a hearing the trial court entered a judgment order granting plaintiff the relief prayed. Defendant has appealed.

In our opinion, no factual issue is presented by this record. Both parties have in effect treated the allegations of the amended complaint as true for purposes of this litigation. The sole legal issue involved is construction of the applicable portions of the Pharmacy Practice Act.

In the amended complaint, plaintiff alleged that it operates many stores in the State of Illinois. These stores are often open for exceedingly long and extraordinary hours. Some of them are operated in conjunction with Jewel Food Stores. Plaintiff is engaged in the practice of pharmacy in that drugs and medicines are compounded and dispensed pursuant to physicians' prescriptions. In all cases, these activities are conducted in a segregated and limited area of plaintiff's stores. These areas are accessible to the public only during certain designated hours regardless of business being carried on in other portions of the store. These areas are not always open for a majority of hours during each day that an entire store functions. Plaintiff's stores also sell many products, such as cosmetics, books and miscellaneous sundries unrelated to the practice of pharmacy.

Defendant notified plaintiff to have its pharmacy open in each of its stores for a majority of the hours of each day during which the entire store was open. Plaintiff sought a declaration of right regarding compliance with this requirement and the consequent necessity of attendance of a registered or assistant pharmacist.

The trial court found that plaintiff is engaged both in the practice of pharmacy and in a general retail business "involving the sale of numerous products unrelated to the practice of pharmacy." The court found that the Pharmacy Practice Act was intended solely "to regulate the practice of pharmacy." The court construed the pertinent statute as requiring the presence of a registered pharmacist only for a majority of hours during which plaintiff's stores practice pharmacy and either a registered pharmacist or assistant registered pharmacist for the remaining hours of such practice.

In this court, defendant contends that the terms "pharmacy" and "drugstore" as used in the statute refer to an entire store and are not limited to the prescription counter; the statute requires the presence of a registered pharmacist for the majority of hours plaintiff's entire stores are open to the public, and that such a requirement is not unconstitutional.

Plaintiff responds that defendant's analysis of the term "pharmacy" is irrelevant because the statute monitors only the hours of actual pharmacy practice; the statute applies solely when the practice of pharmacy is being carried on and interpreting the statute to require the presence of a pharmacist for a majority of the hours plaintiff's stores are open would impose unconstitutional restrictions.

The portion of the statute applicable here (Ill. Rev. Stat. 1975, ch. 91, par. 55.8), provides in pertinent part:

"It shall be unlawful for the owner of any drugstore, shop or other place in this State, defined in this Act as 'a pharmacy' or as 'a drug store', to operate or conduct the same, or to allow the same to be operated or conducted, unless:

(a) there is in charge thereof and present therein a registered pharmacist in good standing in this State during at least the majority of hours of each day that the same shall be open to the public; and there is in charge thereof and present therein, during the remainder of the hours of each day during which the practice of pharmacy shall be carried on therein, either a registered pharmacist or a registered assistant pharmacist in good standing in this State;

(b) at all times when the practice of pharmacy is carried on therein, such practice of pharmacy shall be carried on only by a person or persons then authorized to practice pharmacy in this State under the provisions of this Act; * * *."

The essence of defendant's argument is its initial contention: that the words "pharmacy" and "drugstore" as used in the above enactment refer to plaintiff's entire store. In support of this interpretation defendant cites the statutory definition of these terms (Ill. Rev. Stat. 1975, ch. 91, par. 55.3(a)):

"(a) The term 'a pharmacy' or 'a drugstore' means and includes every store, or shop, or other place where: (1) drugs, medicines, or poisons are dispensed, or sold or offered for sale at retail; or displayed for sale at retail; or (2) where prescriptions of physicians, dentists, veterinarians, or other allied medical practitioners are compounded, filled, or dispensed; * * *."

■■ As a general matter, the legislature has authority "to define, for the purpose of the statute, the terms used therein * * *" and these definitions prevail in application of the statute. (*Bohm v. State Employees' Retirement System* (1949), 404 Ill. 117, 120, 88 N.E.2d 29.) However, in determining what meaning should be given to a statutory provision, it is important to look "at the whole Act and the purpose for which it was enacted." (*Tri-County Landfill Co. v. Pollution Control Board* (1976), 41 Ill. App. 3d 249, 253, 353 N.E.2d 316.) Further, "[e]ach section and

provision should be construed in connection with every other part or section." *Huckaba v. Cox* (1958), 14 Ill. 2d 126, 131, 150 N.E.2d 832.

■■ The purpose of enacting the Pharmacy Practice Act was to regulate the practice of pharmacy. This is apparent both from the title itself, "An Act to regulate the practice of pharmacy * * *" and the legislative declaration in section 1 (Ill. Rev. Stat. 1975, ch. 91, par. 55.1):

> "The Practice of Pharmacy in the State of Illinois is declared a professional practice affecting the public health, safety and welfare and is subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the practice of pharmacy, as defined in this Act, merit and receive the confidence of the public and that only qualified persons be permitted to practice pharmacy in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes."

The Act defines the term "practice of pharmacy" (Ill. Rev. Stat. 1975, ch. 91, par. 55.3(d)), as follows:

> "The term 'practice of pharmacy' or 'practice of the profession of pharmacy' means and includes the compounding, dispensing, recommending or advising concerning contents and therapeutic values and uses, offering for sale or selling at retail, drugs, medicines or poisons, whether pursuant to prescriptions or orders of duly licensed physicians, dentists, veterinarians, or other allied medical practitioners, or in the absence and entirely independent of such prescriptions or orders, or otherwise whatsoever, or any other act, service operation or transaction incidental to or forming a part of any of the foregoing acts, requiring, involving or employing the science or art of any branch of the pharmaceutical profession, study or training."

Other sections of the Act pertinent to this appeal are section 7a3 (Ill. Rev. Stat. 1975, ch. 91, par. 55.7a3) which provides in part:

> "[S]uch pharmacy will have and shall maintain adequate space for the prescription department.
>
> On or after January 1, 1964, every pharmacy shall be in a suitable, well-lighted and well-ventilated room, with clean and sanitary surroundings and shall be suitably equipped for compounding prescriptions and sale of drugs. The space occupied shall be equipped with a sink with hot and cold water or facilities for heating water, proper sewage outlet, refrigeration storage equipment, and such fixtures, facilities and equipment as will enable it to operate as a pharmacy. * * *"

and also section 4(d) (Ill. Rev. Stat. 1975, ch. 91, par. 55.4(d)) which excludes from applicaton of the Act:

"the sale of patent or proprietary medicines and household remedies when sold in original and unbroken packages only, if such patent or proprietary medicines and household remedies be properly and adequately labeled as to content and usage and generally considered and accepted as harmless and non-poisonous when used according to the directions on the label, and also do not contain opium of cocoa leaves, or any compound, salt or derivative thereof, or any drug * * *."

■■ ■ In our view it is not necessary to construe these terms "pharmacy" and "drugstore" as used in this statute as applying to an entire retail establishment in order to effect the purposes of the Pharmacy Practice Act. As enunciated in the title and in section 1 (Ill. Rev. Stat. 1975, ch. 91, par. 55.1), the basic purpose of this Act is to regulate the practice of pharmacy. Section 3(d) specifically defines the practice of pharmacy as "the compounding, dispensing [etc.]" of "drugs, medicines or poisons" and stresses the importance of including within this definition all other acts "requiring, involving or employing the science * * * of the pharmaceutical profession * * *." (Ill. Rev. Stat. 1975, ch. 91, par. 55.3(d).) The purpose of the statute to classify the practice of pharmacy as a technical, specialized profession appears from the statement that it is "a matter of public interest and concern * * * that only qualified persons be permitted to practice pharmacy * * *." (Ill. Rev. Stat. 1975, ch. 91, par. 55.1.) In view of the undisputed facts that plaintiff's stores engage in an extensive general retail business unrelated to "drugs, medicines or poisons" and often function in conjunction with Jewel Food Stores, it is sufficient to consider the "pharmacy" or "drugstore" in plaintiff's establishments to be those limited areas which engage in the practice of pharmacy as delineated in section 3(d).

Defendant contends that construing "pharmacy" and "drugstore" in plaintiff's stores as the limited area above outlined would convert section 7a3 of the Act (Ill. Rev. Stat. 1975, ch. 91, par. 55.7a3) to surplusage. Defendant particularly cites the phrase "such pharmacy will have and shall maintain adequate space for the prescription department," urging that it would be redundant to require a "prescription" section within a pharmacy unless the term pharmacy referred to plaintiff's entire store. In view of the varied pharmaceutical activities enumerated in section 3(d) above cited which defines the practice of pharmacy, the legislative requirement of a "prescription department" within a "pharmacy" reflects attention to but one aspect of pharmaceutical practice. Similarly, in our opinion, the requirement of section 7a3 above set out that every pharmacy be in a "well-lighted * * * room" complete with "sink" and other fixtures exemplifies the regulatory concern of the legislature with the actual practice of pharmacy and indicates strongly that the

"pharmacy" itself is that area wherein all aspects of a pharmacy practice are pursued.

■■ Defendant also contends that interpreting "pharmacy" or "drugstore" in this case to mean a limited area of plaintiff's stores would do injustice to the principle of *ejusdem generis*. Defendant urges that because section 3(a) defines these terms as including "every store, or shop, or *other place* * * *" (emphasis added), "other" includes only a "store," "shop" or similar place. (*Bullman v. City of Chicago* (1937), 367 Ill. 217, 226, 10 N.E.2d 961.) However, the doctrine of *ejusdem generis* should not be used to frustrate legislative intent. When the phrase "store, or shop, or other place * * *" is read in conjunction with other portions of the statute, as above shown, it is impermissible to construe the words "other place" as being applicable only to the entire store or shop within which the "other place" is contained.

■■ Further, section 4(d) of the Act, above quoted, exempts from its application "the sale of patent or proprietary medicines and household remedies when sold in original and unbroken packages only." This section was passed pursuant to judicial recognition that registered pharmacists do not have an exclusive privilege to sell these items. (*Noel v. People* (1900), 187 Ill. 587, 594, 58 N.E. 616. See also *Saddler v. People* (1900), 188 Ill. 243, 58 N.E. 906.) The statute thus distinguishes those retail activities involving exercise of pharmaceutical practice in a pharmacy from sales unrelated to such practices.

■■ ■ In view of this analysis, that the terms "pharmacy" and "drugstore" cannot reasonably encompass and include plaintiff's entire stores, we construe the statute as not requiring the presence of a registered pharmacist for a majority of hours that an entire store of the plaintiff is open for general retail business. In our opinion, the statute requires the presence of a registered pharmacist for a majority of hours during which those areas of plaintiff's stores in which pharmacy is practiced are open to the public. Therefore both clauses of the pertinent statute, section 8(a), can be read as complementing each other so as to require that those pharmaceutical areas of plaintiff's stores engaging in the "practice of pharmacy," whether open for sales or involved in other aspects of a pharmacy practice, have, at a minimum, an assistant registered pharmacist if a registered pharmacist is not on duty.

Cases from other jurisdictions support the position that section 8(a) does not require that a registered pharmacist be on duty for a majority of the hours that the entire retail establishment, of which the pharmacy itself is a smaller part, is open to the public. (*Packard Bamberger & Co. v. Board of Pharmacy* (1946), 134 N.J.L. 381, 48 A. 2d 199, *aff'd per curiam* (1947), 135 N.J.L. 282, 51 A.2d 239; *State v. Leone* (Fla. 1960), 118 So. 2d

781; *Stewart v. Robertson* (1935), 45 Ariz. 143, 40 P.2d 979.) These cases refused enforcement of administrative or legislative requirements that registered pharmacists be present the entire time that stores containing pharmacy departments are open to the public. However, the underlying rationale of these cases is that areas subject to regulation pertaining to the practice of pharmacy "do not mean the entire building or store where such things are sold * * * but refer only to that portion of the business in which the sale, dispensing or compounding of the particular articles * * * is carried on * * *." *Stewart*, 45 Ariz. 143, 154, 40 P.2d 979, 984.

In *Leone*, the court held that the "requirement of supervision by a licensed pharmacist * * *" may not be "lawfully extended so as to cover all of the operations of a drug store, including those which are unrelated by their nature to the preparation and sale of controlled drugs and medicines." 118 So. 2d 781, 783.

■■ Because we hold that plaintiff's stores are not required to have a registered pharmacist present for a majority of the hours during which the entire establishment is open for general retail business, it is unnecessary for us to consider whether such a requirement would violate constitutional principles. In our opinion, resolution of the constitutional issue raised by the briefs is not necessary to a disposition of the case before us. *Bender v. City of Chicago* (1974), 58 Ill. 2d 284, 287, 319 N.E.2d 34.

The Chicago Retail Druggists Association and the Illinois Pharmaceutical Association have filed an *amicus curiae* brief suggesting that affirming the judgment herein would impose undue economic hardship upon the independent community pharmacist. This matter would be more appropriately resolved by the policy-making functions of the legislature than by an opinion of this court.

The judgment appealed from is accordingly affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.