THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* RICHARD M. ROMA, Defendant-Appellant.

First District (5th Division) No. 77-1232

Opinion filed March 31, 1978.

Ralph Ruebner and Andrew Berman, both of State Appellate Defender's Office, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Following a bench trial defendant was convicted of disorderly conduct in violation of section 193—1(h) of the Chicago Municipal Code (Chicago, Illinois, Municipal Code 1977, ch. 193, §193—1(h)) and was fined $100.* On appeal he contends that the evidence adduced was not sufficient to sustain his conviction.

The evidence pertinent to this appeal was adduced on the testimony of complaining witness Officer Casroni, a Chicago police officer, and defendant.

Officer Casroni testified that on August 25, 1976, he and his partner responded to a radio call that a man with a gun was in a store at 2004 W. Roscoe in Chicago. After entering the store, they asked defendant if he

---

* Although defendant was fined $100, the fine was recorded as satisfied upon his payment of $20, plus $5 in court costs.

was carrying a gun and, when he admitted that he had a gun, frisked him and found a revolver. In his subsequent testimony, however, Officer Casroni admitted that the gun was not found on defendant's person, but that defendant retrieved the gun, which was wrapped in a plastic bag, from an attache case which was in another room approximately 25 feet away from where he had been standing. Defendant admitted that he had the wrapped gun in the case, and stated that he was taking it to a gun shop "to have it blued," but that the gun was never on his person or in his immediate possession.

OPINION

■■ Defendant contends that he was not proved guilty beyond a reasonable doubt. Contrary to defendant's contention, however, the City need only prove him guilty by a clear preponderance of the evidence in a quasi-criminal proceeding such as this. (*City of Chicago v. Robinson* (1975), 32 Ill. App. 3d 149, 336 N.E.2d 158.) Defendant was charged with disorderly conduct under section 193—1(h) of the Municipal Code of the City of Chicago (Chicago, Illinois, Municipal Code 1977, ch. 193, §193—1(h)), which provides that:

"A person commits disorderly conduct when he knowingly:

　　　*　*　*

(h) Carries in a threatening or menacing manner, without authority of law, any pistol, revolver * * * or other dangerous weapon, or conceals said weapon on or about the person or vehicle."

■■ The essence of the offense described by this ordinance is that the weapon must be concealed within the accused's convenient control so that he could promptly use it if driven to do so by any violent motive. (See *People v. House* (1975), 29 Ill. App. 3d 994, 997, 331 N.E.2d 72, 74.) Thus, in *People v. Liss* (1950), 406 Ill. 419, 94 N.E.2d 320, our supreme court reversed defendant's conviction for carrying a concealed weapon on or about his person where a pistol found under the front seat of the car which defendant was driving was so placed that it could not be used without an appreciable change in position. More recently, in *People v. House* (1975), 29 Ill. App. 3d 994, 331 N.E.2d 72, this court held that because a weapon lying in a partially full garbage can approximately a dozen feet away from defendant could not be reached without an appreciable change in his position, his conviction for carrying a concealed weapon on his person could not be sustained. In the instant case, although the weapon was concealed, it was not within defendant's convenient control. Rather, the gun was wrapped in a plastic bag inside an attache case approximately 25 feet away from defendant. It was not immediately accessible to him and could not be reached without an appreciable

change in his position. Accordingly, we must reverse defendant's conviction.

Reversed.

SULLIVAN, P. J., and MEJDA, J., concur.

