THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* BERNARD FRIED *et al.,* Defendants-Appellants.

First District (1st Division)   No. 77-1068

Opinion filed September 18, 1978.—Rehearing denied October 4, 1978.

Bernard Allen Fried, of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Henry Phillip Gruss, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendants, Bernard Fried, Cherokee Lands Corporation, Community Redemption Corporation and First Church of Deliverance, appeal from a judgment order of the circuit court of Cook County levying a fine against them for violation of the Building Code of the City of Chicago. They contend that the evidence is not sufficient to sustain the judgment.

On April 4, 1977, the City of Chicago (plaintiff) filed a complaint against defendants, charging certain Building Code violations, including loose bricks and a defective third roof truss on the south elevation from the west. On April 15, 1977, plaintiff moved for an emergency order due to the imminently dangerous and hazardous condition of roof trusses. On April 27, 1977, defendants were ordered to "complete all work to correct Building and Housing Code violations on subject property before May 20, 1977," and defendant Bernard Fried was ordered to "produce a structural engineer's report by May 20, 1977, for subject premises."

After a hearing on May 20, 1977, the court, on May 25, 1977, made the following findings in its judgment order fining the defendants:

"1. That the property involved herein is improved with a one-story garage structure.

2. That the roof thereof is supported by horizontal trusses.

3. That complaint has been made by the Plaintiff that one of the trusses was fractured and in a dangerous condition.

4. That the Defendants in this cause were ordered to correct the said condition.

5. That the testimony of the Plaintiff in open Court is to the effect that the correction work done by the Defendants is insufficient because the Defendants have not produced a structural engineer to testify in support thereof.

THAT THE COURT, therefore, finds the Defendants, BERNARD FRIED, COMMUNITY REDEMPTION CORPORATION, CHEROKEE LANDS CORPORATION and FIRST CHURCH OF DELIVERANCE, guilty for failure to adequately correct the condition of the fractured truss * * *."

At the hearing Charles Taff, an inspector for the City, testified that as of May 17, 1977, there had been no compliance. He further stated, "They started working. As far as the City is concerned a structural engineer will have to testify that the truss has been repaired accurately." He said that he is not a structural engineer. On May 17, 1977, he saw the premises. There were missing bricks on the north parapet wall and there were loose bricks on the front parapet wall. There was a crack in the third truss on the south elevation from the west. The photograph of the truss which he took shows that at one time the truss bottom cord was fractured completely and was sagging and that now there is a steel support beam which reaches the

truss; it runs from the floor to the bottom cord of the truss. He is not a structural engineer and does not know whether that truss is supported or not at this time.

Bernard Fried, one of the defendants, appeared *pro se* and stated, "I guess I am a defendant in this case. I don't know why but nevertheless I am here." When the trial judge stated to him that the City had "asked you to cure the defect," he answered, "We did," and the court replied, "You haven't really cured it."

■■ ■ Defendants argue that the evidence was insufficient to sustain the judgment. We disagree. In a prosecution for violation of a city ordinance, the city has the burden of proof to establish the violation by a clear preponderance of evidence. (*City of Chicago v. Joyce* (1967), 38 Ill. 2d 368, 232 N.E.2d 289.) The evidence here fully sustains that burden. The defendants were ordered to complete by May 20, 1977, all work to correct Building and Housing Code violations, including the defective truss, and defendant Fried was ordered to produce a structural engineer's report by that date. Defendants contend that the violation concerning the sagging truss has been eliminated by the installation of the steel beam. This argument, however, ignores the fact that the court's order required defendant Fried to produce a structural engineer's report. It was his duty to comply. It was not the duty of the City to produce a structural engineer. The evidence is undisputed that as of May 20, 1977, the date of the hearing, defendant Fried had not produced the report ordered and had no intention of so doing. Consequently, there is nothing in the record to show that the truss defect had been cured. The trial court properly found defendants guilty.

■■ Defendants also argue that there is nothing to connect them with the building. As showing a lack of proof as to defendants' connection, they point to the fact that defendant Fried, who, when the matter was called, appeared *pro se* and on behalf of all the defendants, stated, "I guess I am a defendant in this case. I don't know why but nevertheless I am here." This argument is without merit. First, it makes no reference to any defendants other than Fried and even as to him it is not a denial of a connection with the property. The language could well refer only to his later contention on behalf of all defendants that they had cured the defect in the truss. There was no specific objection at the trial that the defendants were not connected with the property. They cannot raise that contention for the first time on appeal.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.