THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DALE L. STAPLES, Defendant-Appellant.

Third District    No. 79-953

Opinion filed September 12, 1980.

Emmett W. Lally, of Peoria, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant, Dale L. Staples, was convicted of unlawful use of weapons, in violation of section 24—1(a)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(4)), in the Circuit Court of Tazewell County. He was sentenced to one day in jail and fined $50.00. He has appealed his conviction.

Defendant was charged with knowingly carrying concealed in a motor vehicle, his pickup truck, a revolver while he was not on his own land, in his abode, or fixed place of business. He filed a motion to suppress the revolver that was seized following a search of his vehicle, alleging that the search and seizure of the evidence was illegal.

He was presented two issues for our review:

1. Whether the trial court erred in denying his motion to suppress the evidence based on an illegal search of the vehicle and seizure of the revolver involved, and

2. Whether his use of the revolver came within the exemption provided by section 24—2(b)(4), of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 24—2(b)(4)).

No verbatim transcript in this cause exists. Two Reports of Proceedings are contained in the record, the defendant's version and the trial court's version. Both reports were prepared pursuant to Supreme Court Rule 323(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 323(c)). No serious dispute

or discrepancy appears from either version of the incident that occurred. We summarize a combination of both reports.

Defendant and a friend, named Kim Moore, were riding in the pickup truck during the early morning hours of July 26, 1979, near the intersection of Routes 98 and 121 west of Morton, Illinois, when it became disabled. The defendant was driving and Moore was his passenger. The defendant and Moore pushed the disabled truck through the intersection to the side of the road on Route 98 toward Morton. They were trying to start the truck and determine its malfunction when Officer Getz of the Morton Police Department arrived on the scene. Officer Getz inquired about the difficulty with the truck and spoke to the defendant as he stood outside the truck. When the truck failed to start, the defendant asked Officer Getz for a ride to a nearby motel so that he and Moore could get a room for the night.

According to the testimony of the defendant and Officer Getz, Moore waited in the squad car with Getz while defendant removed personal property from the bed of his pickup truck and placed it in the cab of the truck. After this occurred Getz gave both defendant and Moore a ride to the Field Motel in Morton where they spent the night. The defendant testified that before leaving with Officer Getz he took several items of his personal property, including the revolver in question and certain alcoholic beverages, which had been in a storage box in the bed of the pickup truck and placed those items in the cab of his truck for safekeeping purposes while the disabled truck was to be left unattended along the roadside until morning. He said the revolver was placed inside the glove compartment of the truck. He further testified that he recalled locking the doors of the truck and that he did not give Officer Getz permission to search his truck. Staples admitted that the gun discovered and seized, a loaded .38-caliber Colt revolver, belonged to him, and testified that he had purchased it the evening before the incident in question, but that he did not know that it was loaded.

After Officer Getz took the defendant and his companion Moore to the motel and left them he returned to the disabled truck and learned that it had an expired license plate which he had apparently overlooked in his prior observation. Upon taking a closer look at the interior of the cab of the truck Getz saw what appeared to be a partial roach of cannabis on the center of the dash and an open can of "liquor" on the front seat. He then in some way opened the door on the passenger side of the truck, which defendant had testified was locked, and proceeded to search the inside of the cab of the pickup truck. The glove compartment was not locked, and when he opened it he discovered the loaded revolver in question. Getz then called Sergeant Larry Smith of the Morton Police Department who accompanied him to the motel where Staples was arrested. After being advised of his rights the defendant signed a statement admitting that both

the truck and the revolver were his. The record does not reflect that Staples was ever charged with either illegal possession of cannabis or illegal transportation of alcholic beverages. The record is also silent on the question of whether the items thought to be a partial roach of cannabis and an open can of liquor by Officer Getz in reality were what he testified he thought they were.

The defendant has initially argued that the trial court erred in refusing to suppress the revolver which he alleges was the fruit of an illegal search and seizure. However, because this appeal may be resolved solely on the second issue presented in defendant's favor, we will not express our opinion on the legality of the search and seizure.

■■ The argument of the defendant on the second issue, which we believe is correct, is that the defendant's possession of the revolver fell within an exception to the unlawful weapons offense provided by section 24—2(b)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 24—2(b)(4)). That section of the statute exempts from criminal liability the transportation of weapons in a vehicle that are not immediately accessible. The Illinois Supreme Court has held that the 10 statutory exemptions to the offense of unlawful use of weapons in violation of section 24—1(a)(10) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(10)) "are distinct from affirmative defenses under our statutory. scheme and never become an issue for the State to prove." (*People v. Smith* (1978), 71 Ill. 2d 95, 105, 374 N.E.2d 472, 476.) The prosecution is only required to prove each and every element of the offense of unlawful use of weapons beyond a reasonable doubt. The defendant, on the other hand, is only required to prove his entitlement to the exemption from the criminal liability by a preponderance of the evidence. Section 24—2(g) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 24—2(g)) provides the following about the burden of proof in relation to the exemption defendant claims is applicable here:

> "(g) An information or indictment based upon a violation of any Subsection of this Article need not negative any exemptions contained in this Article. The defendant shall have the burden of proving such an exemption."

■■ ■ The State initially contends that the defendant failed to raise the issue of whether the weapon was immediately accessible at the trial and has accordingly waived the argument he now presents on appeal. We disagree. The defendant formally argued the exemption of inaccessibility in his post-trial motion for a new trial which was denied. Although no verbatim transcript of the trial is avaliable, the factual summaries provided pursuant to Supreme Court Rule 323(c) convince us that facts sufficient to raise a question of the weapon's inacessibility were before the trial court, regardless of who raised it. It is not important for purposes of raising the issue of inaccessibility who presents facts to support that exemption,

whether the defendant or the State, as long as the facts which support it are presented to the trial court sometime during the trial. See *People v. Reed* (1979), 72 Ill. App. 3d 405, 390 N.E.2d 962; *People v. Francis* (1977), 52 Ill. App. 3d 978, 368 N.E.2d 415.

The threshold question is whether the evidence introduced in the case at bar established by a preponderance that the weapon was not immediately accessible to defendant Staples when he carried the loaded revolver within the corporate limits of a city, village or incorporated town. This question has been presented in similar factual settings many times in Illinois courts. In *People v. Adams* (1962), 73 Ill. App. 2d 1, 220 N.E.2d 17, a gun concealed under the front seat of a vehicle, which has normally been held to be immediately accessible, was to the contrary held to be inaccessible where the vehicle was a compact car and the defendant was a stout man who could not readily reach down from his position behind the wheel, driving without opening the door of the car to reach the gun. Quite clearly the facts of a particular case are determinative of the question of the immediate accessibility of a weapon carried in any vehicle. Similarly a gun carried in the locked trunk of a car has been held to be inaccessible to the driver as a matter of law (*People v. Reed* (1979), 72 Ill. App. 3d 405, 390 N.E.2d 962), and a pistol carried under the hood of the car was held to be inaccessible within the statutory exemption to criminal liability to the driver of the car. (*People v. Cook* (1977), 46 Ill. App. 3d 511, 361 N.E.2d 81.) In *City of Chicago v. Roma* (1978), 58 Ill. App. 3d 686, 374 N.E.2d 1097, a gun found 25 feet away from where the defendant was standing, wrapped in a plastic bag and inside an attaché case was not so placed as to be within the defendant's convenient control without an appreciable change in his physical position.

The State relies upon the case of *People v. Smith* (1978), 71 Ill. 2d 95, 374 N.E.2d 472, as controlling. In *Smith* the defendant's gun was located in the locked glove compartment of his parked vehicle. Smith claimed that he had had no key to unlock the glove compartment for over 10 months prior thereto. Nevertheless, the police arrested him as he approached his parked car and was about to enter it. No key for the glove compartment was found on Smith, and the police spent five to 10 minutes prying the locked glove compartment open to seize the gun. Smith was not actually seen in the vehicle but was arrested as he was about to enter it. Although the court in *Smith* affirmed his conviction for unlawful use of weapons despite the evidence of the inaccessibility exemption, the court held that the question of whether the defendant was guilty or the exemption applied was for the jury to decide under the facts of the case.

■■ We find that the *Smith* case is dissimilar from the instant case and does not compel that the same result be reached here. While the facts in

*People v. Smith* (1978), 71 Ill. 2d 95, 374 N.E.3d 472, were disputed on the issue of the weapon's accessibility to the defendant and clearly presented a jury question, the facts in the case at bar establish by a preponderance of the evidence that defendant Staples' conduct squarely falls within the exemption of section 24—2(b)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 24—2(b)(4)). The facts in the *Smith* case depicted a dispute as to defendant's intent of using the car as he approached it and consequently whether he carried or possessed the gun in violation of the law. Staples was charged by information specifically with having "knowingly carried in a motor vehicle" a loaded revolver in violation of the law. The evidence presented established by a preponderance that the revolver was carried in the bed of the pickup truck in a storage box obviously as inaccessible to Staples as he drove as if it had been in the locked trunk (*People v. Reed*). It was not "carried" in an accessible area of the truck before the truck was disabled, nor in the cab afterwards when the vehicle was disabled and not driven. Staples also did not return and attempt to drive away with the gun in the glove compartment. Indeed, he was some distance away from the pickup truck and in the motel. The revolver was not immediately accessible to him or within his control. There is no evidence that the defendant "carried" the revolver in his truck in an illegal manner.

We do not believe that the legislature intended to make the storage of the revolver in the disabled truck, in cases such as this, a crime. As we stated in *People v. Reed*, "the evidence not only raised the inaccessibility exemption but, also, proved it." (72 Ill. App. 3d 405, 409, 390 N.E.2d 962, 965.) Because we believe the exemption was proved by a preponderance of the evidence and not rebutted by the State, the defendant is entitled to its benefit.

For the reasons stated, the judgment of the Circuit Court of Tazewell County is reversed.

Judgment reversed.

SCOTT and STOUDER, JJ., concur.